**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Nestor Alfonso,<br><br>Plaintiff,<br><br>- vs. –<br><br>Kentshire Galleries, Ltd.,<br><br>Defendant. | DOCKET NO. 26-6374<br>( )( )<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE, that Defendant Kentshire Galleries, Ltd., pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Nestor Alfonso v. Kentshire Galleries, Ltd.*, filed in the Supreme Court of the State of New York, County of Queens, Index No. 724893/2026, to the United States District Court for the Eastern District of New York.

As required by 28 U.S.C. § 1446(a), Defendant sets forth below a short and plain statement of the grounds for removal:

**PROCEDURAL HISTORY**

On or about August 20, 2026, Plaintiff Nestor Alfonso filed a Summons and Complaint (the "Complaint") in the Supreme Court of the State of New York, County of Queens with the caption *Nestor Alfonso v. Kentshire Galleries, Ltd.*, Index No.

724893/2026.[1] The Complaint asserts a claim under Title III of the Americans with Disabilities Act, as well as parallel claims under the New York State and City Human Rights Laws. Defendant's registered agent was served with a copy of the Complaint on or about September 4, 2026.[2]

**VENUE**

Venue of this action lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1441(a) and 1391(b)(2) because this is the judicial district in which the action purportedly arose, is the location of Plaintiff's residence, and because this district encompasses the Supreme Court of the State of New York, County of Queens, the forum in which Plaintiff filed the Complaint and in which it is pending.

**GROUNDS FOR REMOVAL**

Plaintiff alleges that defendant discriminated against him in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., a federal statute. (Complaint, ¶¶ 4, 11 and COUNT V, ¶¶ 97-111). This court therefore has original jurisdiction over this claim under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. § 1441(a). Furthermore, this Court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy.

---

[1] A true and accurate copy of the Summons & Complaint is attached to this Notice as Exhibit A.

[2] A true and accurate copy of the Affidavit of Service is attached to this Notice as Exhibit B.

## **TIMELINESS OF REMOVAL**

The federal statute that specifies the procedures for removal, 28, U.S.C. § 1446(b), provides that a notice of removal must be filed within 30 days after defendant's receipt of a copy of the relevant pleading. This notice is filed 30 days after defendant's registered agent was served with the Complaint on September 4.

## **NOTICE TO ALL PARTIES AND STATE COURT**

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal (with supporting papers) is being served by email on Plaintiff's counsel of record, and filed with the Clerk of the Supreme Court of the State of New York, County of Queens. In addition, in accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that were filed in the state court action are attached hereto as Exhibits A and B. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

WHEREFORE, notice is given that this action is removed from the Supreme Court, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: October 4, 2026

David Stein (DS 2119)
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444
(212) 836-9595 (Fax)
dstein@steinllp.com

Attorneys for Defendant